IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| EGON DZINTARS; and RITA DZINTARS, | CV-24-45-BU-BMM |
| Plaintiffs, | |
| vs. | ORDER |
| FIREMAN'S FUND INSURANCE COMPANY; ILLINOIS UNION INSURANCE COMPANY; ALLIED WORLD INSURANCE COMPANY; and DOES 1-5, | |
| Defendants. | |

**INTRODUCTION**

Plaintiffs Egon Dzintars and Rita Dzintars ("Plaintiffs") filed this action against Defendants Fireman's Fund Insurance Company ("Fireman's Fund"), Illinois Union Insurance Company ("Illinois Union"), and Allied World Insurance Company ("Allied World"). (Doc. 1.) Plaintiffs assert claims for violation of Montana Code Annotated § 33-18-201, breach of the implied covenant of good faith and fair dealing, negligent infliction of emotional distress, intentional infliction of emotional distress, and punitive damages. (Doc. 6, ¶¶ 71–102.) Defendant Fireman's Fund filed a motion to dismiss for failure to state a claim. (Doc. 14.) Defendant

1

Illinois Union joins the motion. (Doc. 20.) Plaintiffs oppose the motion. (Doc. 33.) The Court held a hearing on the motion on August 26, 2024. (Doc. 37.)

## BACKGROUND

Leverich Partners Inc. ("SAV") held its annual holiday party on December 14, 2019, at an event center in Bozeman run by Baxter Main LLC ("Baxter"). (Doc. 1, ¶ 15.) Bartenders from the Robin Bar Inc. ("Robin Bar") served alcohol at the event. (*Id.*, ¶ 16.) Chad Basaites ("Basaites"), an employee of SAV, attended the party and consumed alcohol to the point of intoxication. (*Id.*, ¶ 17.) Basaites left the party in his Jeep around 10:30 p.m. (*Id.*, ¶ 19.) Shortly after leaving the party, Basaites drifted across the fog line. (*Id.*, ¶ 20.) Basaites struck Alexa Dzintars ("Alexa"), who was riding home from work on her bicycle. (*Id.*) Alexa died at the scene of the accident. (*Id.*)

Defendant Fireman's Fund issued a commercial liability policy to Baxter that was in effect on December 14, 2019. (*Id.*, ¶ 5.) Defendant Illinois Union issued a liquor liability policy that covered Robin Bar at the time of the incident. (*Id.*, ¶ 7.) Defendant Allied World issued an additional insurance policy that covered Robin Bar at the time of the incident. (*Id.*, ¶ 9.)

Plaintiffs Egon Dzintars and Rita Dzintars, Alexa's parents, sued Baxter, Robin Bar, Basaites, and SAV in Montana state district court. (*Id.*, ¶ 21.) Illinois Union retained counsel to defend Robin Bar. (*Id.*, ¶ 22.) Allied World retained the

same counsel to defend Robin Bar. (*Id.*) Fireman's Fund retained counsel to represent Baxter. (*Id.*, ¶ 23.) The parties to the underlying action attended mediation and agreed to a settlement on August 17, 2022. (*Id.*, ¶¶ 27, 30.) The parties all agreed to a summary of the material terms of the settlement agreement. (*Id.*, ¶ 34.)

Egon Dzintars signed the release and sent it to the parties. (*Id.*, ¶ 36.) Baxter and Robin Bar responded approximately a week later with a new release with a term that the parties had not discussed previously. (*Id.*, ¶ 38.) The new term prohibited Plaintiffs from pursuing other proceedings and restricted Plaintiffs from using any information obtained in the suit to the detriment of the defendants in the underlying action. (*Id.*) The mediator and Dzintars's counsel advised that the new term posed ethical and logistical problems. (*Id.*, ¶¶ 39, 44.)

SAV sent a settlement check on August 26, 2022, pursuant to the release signed by Dzintars. (*Id.*, ¶ 43.) Baxter, Robin Bar, and Plaintiffs agreed on September 12, 2022, to a modified version of the term proposed by Baxter and Robin Bar. (*Id.*, ¶ 48.) Dzintars's counsel wrote Fireman's Fund, Allied World, and Illinois Union (collectively "Insurance Company Defendants") on September 14, 2022, and September 19, 2022, to advise them of their obligation to pay the settlement by September 21, 2022, pursuant to the settlement agreement. (*Id.*, ¶¶ 49, 51.) Insurance Company Defendants failed to respond make payment by that date. (*Id.*) Dzintars's counsel wrote another letter to Insurance Company Defendants on September 22,

3

2022. (*Id.*, ¶ 55.) The letter advised Insurance Company Defendants that pressuring Dzintars to agree to the new, unbargained-for release terms by delaying payment constituted bad faith. (*Id.*)

Baxter and Robin Bar represented at a hearing on a motion to enforce the settlement agreement that no settlement had been reached. (*Id.*, ¶ 61.) The Montana state district court took the motion to enforce the settlement under advisement on September 27, 2022. (*Id.*, ¶¶ 58, 61.) Robin Bar and Baxter sent an email on February 1, 2024, offering to settle the case with the standard release previously proposed by Plaintiffs. (*Id.*, ¶ 63.) Illinois Union and Allied World sent settlement checks on February 13, 2024. (*Id.*, ¶ 69.) Fireman's Fund sent its settlement check on March 6, 2024. (*Id.*, ¶ 70.) Plaintiffs now have brought the following claims against Insurance Company Defendants: (1) unfair trade practices in violation of Mont. Code Ann. § 33-18-201; (2) common law bad faith; (3) negligent infliction of emotional distress; (4) intentional infliction of emotional distress; and (5) punitive damages. (*Id.*, ¶¶ 71–102.)

## STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires claimants to include in their complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint under the plausibility

pleading standard of Rule 8(a)(2). *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal proves appropriate under Rule 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. *Mendiondo v. Centinela Hospital Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A court may dismiss a complaint "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim proves plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard does not require probability, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "take[] as true and construe[] in the light most favorable to plaintiffs" all factual allegations set forth in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted).

## DISCUSSION

The Court finds that Montana Code Annotated § 33-18-242(4) does not bar Plaintiff's claims for common law bad faith, negligent infliction of emotional

5

distress, and intentional infliction of emotional distress. The Court further finds that Montana Code Annotated § 27-1-221(5) does not prohibit Plaintiffs from asserting a claim for punitive damages in their initial pleadings.

**I.      Whether Mont. Code Ann. § 33-18-242(4) bars Plaintiffs' claims for common law bad faith, negligent infliction of emotional distress, and intentional infliction of emotional distress.**

Mont. Code Ann. § 33-18-242(4) does not retroactively apply to Plaintiffs' claims. Section 33-18-242(4) of the Montana Code Annotated reads as follows:

> A third-party claimant who has suffered damages as a result of the handling of an insurance claim may bring an action against the insurer for fraud or pursuant to this section, but not under any other theory or cause of action. A third-party claimant may not bring an action for bad faith in connection with the handling of an insurance claim.

Plaintiffs are third-party claimants because they are suing the insurers of another party rather than their own insurer. Plaintiffs' common law bad faith claim is based upon Insurance Company Defendants' handling of Plaintiffs' insurance claim. Plaintiffs' claims for infliction of emotional distress likewise relate to Insurance Company Defendants' handling of the insurance claim and their failure to make the settlement payment.

Plaintiffs argue that the Montana Legislature did not enact Montana Code Annotated § 33-18-242(4) until 2023 and was not in effect at the time of the alleged conduct (that is, the failure to settle the case under the settlement agreement). Plaintiffs argue that the Montana Legislature did not explicitly make Mont. Code

6

Ann. § 33-18-242(4) retroactive. Plaintiffs argue that a presumption against retroactivity supports the denial of the motion to dismiss.

The Montana Legislature has directed that "[n]o law contained in any of the statutes of Montana is retroactive unless expressly so declared." Mont. Code Ann. § 1-2-109 (2023). A presumption against retroactive application of statutes exists under Montana law. *Neel v. First Fed. Sav. & Loan Ass'n*, 675 P.2d 96, 102 (Mont. 1984); *see also Boettcher v. Montana*, 154 P.3d 629, 633 (Mont. 2007) (citing *Anderson v. Werner Enterprises, Inc.*, 972 P.2d 806, 812 (Mont. 1998) ("We will not apply a statute retroactively unless the Legislature clearly expresses its intention of such retroactive application."))."[S]ubstantive rights between parties to an action are determined by the law in effect on the date of the injury." *Anderson*, 972 P.2d at 812 (citing *Cadwell v. Bechtel Power Corp.*, 732 P.2d 1352, 1354 (Mont. 1987)).

The Montana Legislature enacted Mont. Code Ann. § 33-18-242(4) in 2023. S.B. 165, 68th Leg., Reg. Sess. (Mt. 2023). The statute's language does not specify that the Montana Legislature intended the statute to apply retroactively. *Id.* The new law prohibits the assertion of common law bad faith and infliction of emotional distress claims against third-party insurers. Plaintiffs assert claims for common law bad faith and infliction of emotional distress. (Doc. 6, ¶¶ 77–95.) These claims are based upon conduct and injuries that occurred in 2022. (*Id.*) The parties' substantive rights should be determined under the Montana statutes in effect in 2022. Montana

7

law did not bar third parties from bringing common law bad faith claims or other claims based on the handling of insurance claims until October 1, 2023. *Compare* Mont. Code Ann. § 33-18-242 (2021) *to* Mont. Code Ann. § 33-18-242(4) (2023). Plaintiffs' claims are not barred by § 33-18-242(4) because the alleged conduct and injuries occurred in 2022.

Defendants alternately argue that Plaintiffs' claims are barred under Mont. Code Ann. §§ 33-18-242(7)(b) and 33-18-242(8)(b). (Doc. 34 at 2–3.) Both theories fail. Mont. Code Ann. § 33-18-242(7)(b) reads: "[a] third-party claimant may not file an action under this section until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim." Defendants contend that settlement occurred when the parties signed the settlement release, and payment was made in 2024. (Doc. 6, ¶¶ 67–69.)

Claims accrue when the parties exchanged the oral settlement agreement, not when payment or release was executed. *Carlson v. State Farm Mut. Auto. Ins. Co.*, 76 F. Supp. 2d 1069, 1075 (D. Mont. 1999), *aff'd*, 11 F. App'x 954 (9th Cir. 2001). The parties reached a settlement agreement on August 17, 2022. (Doc. 6, ¶¶ 27–35.) Any claims originating from the settlement thus accrued in 2022 and not 2024. Plaintiffs' claims are not barred by § 33-18-242(7)(b).

Mont. Code Ann. § 33-18-242(8)(b) limits third-party claimants in "an action *under this section* . . . [to] 1 year from the date of the settlement of or the entry of

judgment on the underlying claim." (Emphasis added.) Defendants argue that the 1-year statute of limitations bars Plaintiff's claim if Plaintiffs' claims accrued in 2022. (Doc. 34 at 2–3.)

Section 33-19-242(8)(b) "does not apply to the common law tort of bad faith." *Brewington v. Emps. Fire Ins. Co.*, 992 P.2d 237, 249 (Mont. 1999). Mont. Code Ann. § 27-2-204(1) governs common law bad faith and breach of the covenant of good faith and fair dealing claims. *Id.* (quoting *State ex rel. Egeland v. City CN'L of Cut Bank*, 803 P.2d 609, 611 (Mont. 1999). The statute of limitation remains three years. *Id.*; Mont. Code Ann. § 27-2-204(1) (2023). Plaintiffs' claims at issue are common law claims and accrued on August 17, 2022. (Doc. 6, ¶¶ 77–95.) Plaintiffs' claims are not barred because the statute of limitation of three years has not run.

## II. Whether Plaintiffs have pleaded improperly their claim for punitive damages

Section 33-18-242(5) of the Montana Code Annotated expressly permits the recovery of punitive damages for statutory bad faith claims. Section 27-1-221(5) of the Montana Code Annotated provides, however, that "[a] request for an award of punitive damages may not be contained within an initial pleading filed by a party with the court." A party may move to amend their pleading to add a claim for punitive damages "any time after the initial pleading is filed and discovery has commenced." Mont. Code Ann. § 27-1-221(5). The party must "submit affidavits and documentation supporting the claim for punitive damages." *Id.* The Court may

9

allow the claim only if that supporting documentation "set[s] forth specific facts supported by admissible evidence adequate to establish the existence of a triable issue on all elements of a punitive damages claim." *Id.*

Plaintiffs argue that Mont. Code Ann. § 27-1-221(5) represents a procedural rule that does not apply under the *Erie* doctrine in this Court. "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996). Several district courts have addressed whether a state law regarding the pleading of punitive damages claims proves substantive or procedural. Most of these courts have concluded that a state law provision barring the pleading of a punitive damages claim in the initial pleading proves procedural and conflict with the Federal Rules of Civil Procedure. *See Pruett v. Erickson Air-Crane Co.*, 183 F.R.D. 248, 250–52 (D. Or. 1998); *Munroe v. Glister-Mary Lee Corp.*, Case No. 1:22-cv-171-SNLJ, 2023 U.S. Dist. LEXIS 33949, at *7–9 (E.D. Mo. Mar. 1, 2023); *Pelican Eng'g Consultants v. Sheeley*, Case No. 2:99-cv-298-FtM-21D, 2000 U.S. Dist. LEXIS 12577, at *10–11 (M.D. Fla. July 11, 2000); *Somrak v. Kroger Co.*, Case No. 17-2480-CM-GEB, 2018 U.S. Dist. LEXIS 60523, at *9–10 (D. Kan. Apr. 10, 2018). The District of Colorado has concluded the opposite and applied state law to dismiss claims for punitive damages raised in an initial pleading. *TRC Self Storage Dev., LLC v. Pub. Storage*

*Inc.*, Civil Action No. 07-cv-00351-WDM-MEH, 2007 U.S. Dist. LEXIS 77544, at 10–11 (D. Colo. Oct. 4, 2007).

The Court joins the majority of federal district court in concluding that Mont. Code Ann. § 27-1-221(5) represents a procedural rule. "When confronted with an Erie question, we first ask whether a Federal Rule of Civil Procedure or a federal law governs." *Cnty. of Orange v. United States Dist. Court*, 784 F.3d 520, 527 (2015). If a Federal Rule of Civil Procedure governs, the Court "will apply that rule—even in the face of a countervailing state rule—as long as it is constitutional and within the scope of the Rules Enabling Act." *Id.*

Federal Rule of Civil Procedure 8(a)(3) governs the pleading of relief sought by a claimant. Fed. R. Civ. P. 8(a)(3). Rule 8(a)(3) permits the claimant to seek punitive damages in the initial pleading. *Id.* Rule 8(a)(3) requires claimants to include in their complaint "a demand for the relief sought, which may include relief in the alternative or different types of relief." This rule is permissive and does not require a claimant to plead punitive damages expressly in their complaint. Section 27-1-221(5) of the Montana Code Annotated conflicts, however, with Fed. R. Civ. P. 8(a)(3) by expressly prohibiting something that Fed. R. Civ. P. 8(a)(3) allows. *See Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999), *vacated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The Federal Rule of Civil Procedure governs the question of whether a claimant may assert a

claim for punitive damages in their initial pleading. *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952) ("[w]hile the substantive right to recover on his claim is governed by state law, the form or mode of his claim for relief is a matter of Federal procedure, under which no technical forms of pleadings are required.") (Internal citations omitted). The Court must apply that rule unless the rule violates the Constitution or the Rules Enabling Act.

    A Federal Rule of Civil Procedure is valid and does not violate the Rules Enabling Act so long as the Rule "really regulat[es] procedure." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010). "If it governs only 'the manner and the means' by which the litigants' rights are 'enforced,' it is valid; if it alters 'the rules of decision by which [the] court will adjudicate [those] rights,' it is not." *Id.* (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 446 (1946)) (alterations in original).

    Rule 8(a)(3) governs how parties can plead a claim for punitive damages. Rule 8(a)(3) does not govern whether punitive damages are available, the burden of proof for such damages, or other substantive concerns. Rule 8(a)(3) permits the assertion of a claim for punitive damages in an initial pleading and does not violate the Rules Enabling Act. Rule 8(a)(3) accordingly governs and Mont. Code Ann. § 27-1-221(5) does not bar Plaintiffs' claim.

## CONCLUSION

The Court determines that Plaintiffs' common law claims are not prohibited by Montana law. Mont. Code Ann. § 33-18-242(5) does not apply retroactively, and Plaintiffs' common law claims are subject to a three-year statute of limitations. Plaintiffs' pleading of punitive damages claims are procedural and governed by the Federal Rules of Civil Procedure. The Court will deny Defendants' motion to dismiss.

## ORDER

Accordingly, **IT IS ORDERED:**

1.) Fireman's Fund Motion to Dismiss (Doc. 14) is **DENIED**.

DATED this 30th day of September, 2024.

_____
Brian Morris, Chief District Judge
United States District Court