# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| EGON DZINTARS; and RITA DZINTARS, | CV-24-45-BU-BMM |
| Plaintiffs, | |
| vs. | ORDER |
| FIREMAN'S FUND INSURANCE COMPANY; ILLINOIS UNION INSURANCE COMPANY; ALLIED WORLD INSURANCE COMPANY; and DOES 1-5, | |
| Defendants. | |

## INTRODUCTION

Defendant Illinois Union Insurance Company ("Illinois Union") served a subpoena on third-party witness Julie Maas, MS, LPC ("Maas") on November 13, 2024. The subpoena seeks information about mental health services Maas provided to Plaintiff Rita Dzintars. Maas moves to quash the subpoena. (Doc. 47.) Illinois Union opposes. (Doc. 57.)

## BACKGROUND

The Court is familiar with the facts of this case and will not repeat them at length here. This case arises from the tragic death of Alexa Dzintars, which stemmed

1

from a holiday party held by Leverich Partners Inc. ("SAV"). (Doc. 1, ¶¶ 15–20.) Plaintiffs Egon Dzintars and Rita Dzintars, Alexa's parents, sued various entities related to Alexa's death. (*Id.*, ¶¶ 21–9.) Defendant Fireman's Fund issued a commercial liability policy to Baxter that was in effect on December 14, 2019. (*Id.*, ¶ 5.) Defendant Illinois Union issued a liquor liability policy that covered the Robin Bar at the time of the incident. (*Id.*, ¶ 7.) Defendant Allied World issued an additional insurance policy that covered the Robin Bar at the time of the incident. (*Id.*, ¶ 9.)

The parties to the underlying action attended mediation and agreed to a settlement on August 17, 2022. (*Id.*, ¶¶ 27, 30.) The parties all agreed to a summary of the material terms of the settlement agreement. (*Id.*, ¶ 34.) Egon Dzintars signed the release and sent it to the parties. (*Id.*, ¶ 36.) Baxter and the Robin Bar responded approximately a week later with a new release with a term that the parties had not discussed previously. (*Id.*, ¶ 38.) The new term prohibited Plaintiffs from pursuing other proceedings and restricted Plaintiffs from using any information obtained in the suit to the detriment of the defendants in the underlying action. (*Id.*) The mediator and Dzintars's counsel advised that the new term posed ethical and logistical problems. (*Id.*, ¶¶ 39, 44.)

SAV sent a settlement check on August 26, 2022, pursuant to the release signed by Dzintars. (*Id.*, ¶ 43.) Baxter, the Robin Bar, and Plaintiffs agreed on September 12, 2022, to a modified version of the term proposed by Baxter and the

Robin Bar. (*Id.*, ¶ 48.) Dzintars's counsel wrote Fireman's Fund, Allied World, and Illinois Union (collectively "Insurance Company Defendants") on September 14, 2022, and September 19, 2022, to advise them of their obligation to pay the settlement by September 21, 2022, pursuant to the settlement agreement. (*Id.*, ¶¶ 49, 51.) Insurance Company Defendants failed to respond and make payment by that date. (*Id.*) Dzintars's counsel wrote another letter to Insurance Company Defendants on September 22, 2022. (*Id.*, ¶ 55.) The letter advised Insurance Company Defendants that pressuring Dzintars to agree to the new, unbargained-for release terms by delaying payment constituted bad faith. (*Id.*)

Baxter and the Robin Bar represented at a hearing on a motion to enforce the settlement agreement that no settlement had been reached. (*Id.*, ¶ 61.) The Montana state district court took the motion to enforce the settlement under advisement on September 27, 2022. (*Id.*, ¶¶ 58, 61.) The Robin Bar and Baxter sent an email on February 1, 2024, offering to settle the case with the standard release previously proposed by Plaintiffs. (*Id.*, ¶ 63.) Illinois Union and Allied World sent settlement checks on February 13, 2024. (*Id.*, ¶ 69.) Fireman's Fund sent its settlement check on March 6, 2024. (*Id.*, ¶ 70.)

Plaintiffs now have brought the following claims against Insurance Company Defendants: (1) unfair trade practices in violation of Mont. Code Ann. § 33-18-201; (2) common law bad faith; (3) negligent infliction of emotional distress; (4)

intentional infliction of emotional distress; and (5) punitive damages. (*Id.*, ¶¶ 71–102.) Claim 4 is relevant to the present motion.

## STANDARD OF REVIEW

The Court possesses broad discretion to manage discovery. *Kelley v. Billings*, No. CV 12-74-BLG-RFC-CSO, 2013 U.S. Dist. LEXIS 50370, at *3 (D. Mont. April 8, 2013) (citing *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) An *in-camera* review involves a private review of documents by the court. The decision to review materials *in-camera* is left to the sound discretion of the trial court. *United States v. Zolin*, 491 U.S. 554, 572 (1989). An *in-camera* review is not appropriate merely because a party objects to assertions of privilege. *See id*. at 571–572. And, a mere objection, or even a suspicion, is not a basis upon which the parties can shift a burden to a court that they should bear themselves. *Id*. A court should conduct an *in-camera* review only after the movant has provided a sufficient factual basis to support a good faith belief that *in-camera* review will reveal improperly withheld material. *Id* at 572.

## DISCUSSION

### I. Arguments

Maas argues that the subpoena issued by Illinois Union Insurance Company should be quashed because it seeks privileged information protected by the therapist-patient privilege. (Doc. 48 at 3–4.) Maas contends that disclosing the

records would violate the confidentiality and trust essential to the therapeutic relationship with Ms. Dzintars. (*Id.*) Maas asserts that the records requested have already been summarized in a treatment summary previously provided, and it is unclear what additional information would be necessary. (*Id.* at 2.)

Illinois Union argues that the therapist-patient privilege does not apply as Ms. Dzintars has placed her mental condition in issue by claiming emotional distress damages, thus waiving any privilege. (Doc. 57 at 6–7.) Illinois asserts that the provided "Diagnosis & Treatment Plan" proves insufficient as it covers only a single day and does not provide comprehensive information about Ms. Dzintars's emotional state or treatment progress. (*Id.* at 4.)

## II. Discussion

The Court recognizes the importance of the therapist-patient privilege and the need to protect confidential communications in therapeutic settings. *See Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The Court acknowledges also that when a plaintiff places their mental condition at issue, as Ms. Dzintars has done by claiming emotional distress damages, the privilege may be waived to the extent necessary for the defense to evaluate the claims. *See Williams v. Redwood Toxicology Lab'y*, 2022 WL 3285426 (N.D. Cal. Aug. 11, 2022).

The Court must balance the need for discovery with protecting sensitive information. An *in-camera review* of the counseling records is warranted to

determine their relevance and discoverability in this case. *Zolin*, 491 U.S. at 572. This review will allow the Court to assess whether the records contain information pertinent to the claims and defenses in this case while also considering the privacy concerns raised by Ms. Maas.

## CONCLUSION

The Court will conduct an *in-camera review* of the records at issue.

## ORDER

Accordingly, **IT IS ORDERED:**

1.) Third-party witness Julie Maas's is directed to submit the records at issue to the Court by e-mail to sara_luoma@mtd.uscourts.gov within 14 days of the date of this order.

DATED this 29th day of January, 2025.

_____
Brian Morris, Chief District Judge
United States District Court

6